IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-085-MOC-DCK

| | |
|---|---|
| GERALD WAYNE GASKIN, and <br> CHARLOTTE GASKIN, <br><br> Plaintiffs, <br><br> v. <br><br> BROTHERS AIR & HEAT, INC., <br> AMERICAN RESIDENTIAL SERVICES, <br> L.L.C., and WALTER KEE, individually and <br> in his capacity as an employee or agent of <br> Defendant American Residential Services, <br> L.L.C., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Remand" (Document No. 8) filed March 21, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Gerald Wayne Gaskin and Charlotte Gaskin ("Plaintiffs" or "Gaskins") initiated this action with the filing of a "Complaint" (Document No. 1-2, pp.9-18) in the Superior Court of Union County, North Carolina on January 19, 2017. The Complaint asserts causes of action for: negligence; breach of contract; and unfair and deceptive trade practices. (Document No. 1-2, pp.14-17).

The Complaint alleges that Charlotte Gaskin ("Mrs. Gaskin") and Defendant American Residential Services, L.L.C. ("ARS") entered into a written HVAC repair agreement (the "Repair

Agreement") on or about January 27, 2012, setting forth the terms for an entire air flow system replacement at the Gaskins' home. (Document No. 1-2, p.11); see also (Document No. 9, p.2) and (Document No. 1-2, pp.39-40). The heading of the Repair Agreement states:

**ARS Heating and Cooling, LLC**
123 Associate Ln.
Indian Trail, NC 28079
N.C. License No. 30340
Fully Insured and Bonded

(Document No. 1-2, p.39).

In addition, Mrs. Gaskin executed a "Happy Homeowner Premium Maintenance Club" contract (the "Maintenance Contract") with Defendant Brothers Air & Heat Inc. ("Brothers") on January 4, 2014, which included "annual precision tune-ups and cleanings of your a/c & heating systems for a monthly fee." (Document No. 1-2, p. 12); (Document No. 1-2, p.42).

Plaintiffs are residents of Union County, North Carolina. (Document No. 1-2, p.9). Defendant Brothers is organized under the laws of South Carolina, with a principal office in Tennessee; and Defendant ARS is organized under the laws of Delaware, with a principal office in Tennessee. (Document No. 1-2, p.10). The Complaint further asserts that Defendant Walter Kee ("Kee") is

> **a resident of Union County, North Carolina**, and a current or former employee of Defendant ARS who either performed or authorized the performance of the air flow system replacement at Plaintiff's home **under his North Carolina State Board of Examiners of Plumbing, Heating and Fire Sprinkler Contractors License Number 30340**, which was printed on the service agreement Defendant ARS and Mrs. Gaskin signed.

(Document No. 1-2, pp.10-11) (emphasis added). The Complaint indicates that Plaintiffs confirmed that N.C. License No. 30340 referenced in the Repair Agreement belongs to Kee, but notes "that such license was retired and had not been valid since 2011." (Document No. 1-2, p.12).

Defendant Brothers visited the Gaskins twice a year from 2014 through the spring of 2016 to inspect and clean the air flow system. (Document No. 1-2, p. 13). In April 2016, two different companies inspected the Gaskins' house, and both determined that the Gaskins' air flow system had been improperly installed, with ducts left unsealed, which allowed the build-up of mold and mildew in the Gaskins' air flow system. Id. Plaintiffs contend that the improperly installed air flow system caused irreversible damage to Gerald Wayne Gaskin's ("Mr. Gaskin") lungs, and caused both Plaintiffs significant inconvenience, disruption, and expense related to Mr. Gaskin's health condition, replacing the air flow system, and repairing the house. (Document No. 1-2, p.14).

The lawsuit was removed to this Court and assigned to the undersigned as the referral magistrate judge on February 22, 2017. (Document No. 1). Defendants contend in the "Notice Of Removal" that Defendant Kee's citizenship "should be disregarded under the doctrine of fraudulent joinder." (Document No. 1, p.3). Defendants acknowledge that the 2012 Repair Agreement used Kee's N.C. license number, but argue that there is no possibility of a recovery against him because his last day of work for Defendant ARS was December 18, 2011 – before the work was done on the Gaskins' home. (Document No. 1, pp.3-4). Defendants contend that Kee's presence must be disregarded in determining diversity, and thus, there *is* diversity of citizenship between the remaining parties. Id.

Plaintiffs filed a "Motion To Remand" (Document No. 8) and "Memorandum Of Law In Support Of Plaintiffs' Motion To Remand" (Document No. 9) on March 21, 2017. Plaintiffs contend that this Court lacks subject matter jurisdiction because there is *not* complete diversity. (Document No. 9, p.1). "Defendants' Memorandum In Opposition To Plaintiffs' Motion To Remand" (Document No. 11) was filed on April 4, 2017; and "Plaintiffs' Reply To Defendants'

Response In Objection To Plaintiffs' Motion To Remand" (Document No. 13) was filed on April 11, 2017. As such, the pending motion to remand is ripe for review and disposition.

The undersigned issued an "Order" (Document No. 15) on April 12, 2017 granting the parties' "Consent Motion To Stay Initial Attorney's Conference" (Document 12). On May 23, 2017, the parties filed a "Certification Of Mediation Session" (Document No. 16) indicating that an attempt at early mediation had reached an impasse.

## DISCUSSION

The crux of Plaintiffs' argument for remand is that they properly relied on the North Carolina license number provided on the Repair Agreement in naming Walter Kee as a Defendant in this action, and that Kee's presence in this lawsuit defeats Defendants' claim of complete diversity. (Document No. 9). Plaintiffs contend that the question of whether Defendant Kee was involved in the 2012 Repair Agreement is an issue of fact, and that the Court at this stage must resolve all issues of fact in favor of Plaintiffs. (Document No. 9, p.3).

> The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quotations omitted). To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *E.g., Johnson*, 781 F.3d at 704; *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993).
>
> This is a heavy burden. *Johnson*, 781 F.3d at 704.

In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Products Liab. Litig., 2016 WL 7335738, at *2 (D.S.C. Nov. 7, 2016).

The parties agree that a defendant seeking to withstand a motion to remand by claiming fraudulent joinder bears a heavy burden. (Document No. 9, p.4 and Document No. 11, p.8) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993)). Plaintiffs note that a "defendant must demonstrate 'that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor,'" and that if "plaintiff can show 'the possibility of a right to relief' from the non-diverse defendant, the court must remand the case." (Document No. 9, pp.4-5) (quoting Marshall, 6 F.3d at 232).

Plaintiffs further note that

> North Carolina law requires that someone licensed by that board "exercise general supervision over contracts to completion." N.C. Gen. Stat. § 87-26(e). North Carolina law also requires "[t]he current license…number shall appear on all proposals or contracts…" N.C.Gen.Stat. §82-21(e). Because the Agreement bears Defendant Kee's license number, it follows that the work performed pursuant to that Agreement was supervised by Defendant Kee or done under his authority, making him a proper defendant either in his own right or under the doctrine of *respondeat superior* when work performed under his supervision is the subject of a lawsuit.

(Document No. 9, p.7).

Plaintiffs contend that since removing this action, "Defendants put forth the name of the individual whom they believe was the license holder for Defendant ARS during the performance of the work pursuant to the 2012 Repair Agreement." (Document No. 9, p.7, n.1). Plaintiffs assert that if discovery in this case supports Defendants' belief about the involvement of a different North Carolina license holder, then Plaintiffs will move the state court to amend the Complaint to name the proper/additional defendant – who "would also be a non-diverse defendant." Id.

Unfortunately, "Defendants' Memorandum In Opposition…" declines to address Plaintiffs' statement that there is a different North Carolina license holder who might be substituted

in this action, or Plaintiffs' argument that North Carolina law requires that someone licensed by the North Carolina Board of Examiners of Plumbing, Heating, and Fire Sprinkler Contractors "exercise general supervision over contracts to completion." See (Document No. 11); (Document No. 9, pp.6-7) (quoting N.C. Gen. Stat. § 87-26 (e)). Instead, Defendants suggest that the Court – prior to any discovery – should accept as fact that Defendant Kee had nothing to do with the allegedly defective work, and thus is not a proper party to this action. (Document No. 11, p.3).

Defendants argue that there is no possible claim against Kee in this lawsuit, while acknowledging that the Repair Agreement underlying this action bears his license number. (Document No. 11, pp.8-9). Finally, Defendants argue that the applicable statute of limitations bars any claim against Kee. (Document No. 11, pp.10-11).

In reply, Plaintiffs assert that they "have a colorable claim against the licensee and that claim should not be disregarded because of Defendants' error." (Document No. 13, p.3).

> Because discovery in this matter has not yet commenced, Plaintiffs did not have access to identifying information other than the license number printed on the form. Plaintiffs relied on that license number when naming the individual defendant in this matter, which they wished to prosecute in state court in their home county. (Document No. 1-2 at ¶ 5.) Defendants should not use Plaintiffs' reliance as a basis for divesting Plaintiffs of their choice of court.

Id. Plaintiffs further assert that the pending motion to remand should be allowed so that Plaintiffs may move the state court for leave to amend and substitute the proper licensee. Id.

In addition, Plaintiffs effectively argue in the reply brief that they have adequately established more than the possibility of a right to relief from a non-diverse defendant, whether it is Kee or someone else; and that current North Carolina law sets out an applicable statute of limitations that had yet to expire. (Document No. 13, pp.4-5).

The undersigned finds Plaintiffs' arguments to be persuasive. Particularly at this early stage of the litigation, viewing the Complaint in the light most favorable to Plaintiffs and without the benefit of any discovery, the undersigned is not convinced that Defendants have satisfied the "rigorous standard" of showing that there is no possibility of Plaintiffs establishing a cause of action against Defendant Kee.  See (Document No. 11, pp.4-5) (citing Johnson v. Am. Towers, 781 F.3d 693, 704 (4th Cir. 2015) and Turner v. JP Morgan Chase Bank, N.A., 543 Fed.Appx. 300, 301 (4th Cir. 2013)). Moreover, Plaintiffs contend that on remand they will be able to amend their Complaint in state court to name an additional or substitute licensee as a non-diverse defendant.

In short, it appears that Defendants' removal to this Court was premature. Under the circumstances of this case, the undersigned will direct that this matter be remanded to state court.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Remand" (Document No. 8) is **GRANTED**. This matter shall be **REMANDED** to the Superior Court of Union County, North Carolina.

**SO ORDERED**.

Signed: July 25, 2017

David C. Keesler
United States Magistrate Judge